UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01506-JVS(JDEx) | Date | October 17, 2023 |
| Title | Corbin Kosinski v. Dolium et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion for Remand [11]

Plaintiff Corbin Kosinski ("Kosinski") moves to remand this action to the Superior Court of the State of California. (Mot., Dkt. No. 11). Defendant Northwest Pioneer, Inc. d/b/a Northwest Pioneering Packaging (Erroneously Sued and Served as "Pioneer Northwest" and "Pioneering Packaging") ("Northwest Pioneer") opposes the motion, (Opp'n, Dkt. No. 16), and Kosinski replied. (Reply, Dkt. No. 17.)

The Court has preliminarily reviewed the Motion to remand filed by Kosinski (Dkt. No. 11.) Local Rule 7-3 requires that the parties "meet and confer" in advance of filing such a motion "to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." (Italics supplied.) The conference must occur at least seven (7) days prior to the filing of the motion. Id. In the notice of the motion, the moving party must include a statement to the effect: "This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on [date]."

The purpose of this rule is to help parties "reach a resolution which eliminates the necessity for a hearing." Badeau Statutory Tr. v. Bombardier Transit Corp., No. 20-318, 2020 WL 13582694, at *1 (C.D. Cal. Apr. 21, 2020) (quoting C.D. Cal. Rule 7-3). The Court maintains discretion to hear a motion notwithstanding a violation of Rule 7-3. See C.D. Cal. Rule 7-4 ("The court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8.")

Because Northwest Pioneer has not suffered any real prejudice as a result of the late conference, the Court elects to consider the motion on the merits. See White v. Ala. Operator Eng'rs. Postal Gen. Wilson-Condon v. Allstate Indem. Co., No. 11-5538, 2011

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:23-cv-01506-JVS(JDEx)                          Date   October 17, 2023

Title   Corbin Kosinski v. Dolium et al

WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011) (choosing to hear the motion on the merits notwithstanding insufficient compliance with L.R. 7-3 because the non-moving party did not suffer prejudice); see also Thomas v. U.S. Foods, Inc., No. 12-1221, 2012 WL 5634847, *1 n. 1 (C.D.Cal. Nov. 14, 2012) (same).

The Court notes the seriousness of Kosinski's failure to follow the Local Rules, and admonishes Kosinski to comply with Local Rule 7–3 in the filing of any future motions.

For the following reasons, the Court **DENIES** the motion to remand.

## I. BACKGROUND

Kosinski filed this action in the Superior Court of the State of California in Orange County on January 13, 2022, against numerous defendants including Northwest Pioneer. (Compl. Dkt. No. 1-1.)  Kosinski brought claims for (1) Strict Liability; (2) Negligence; (3) Negligent Misrepresentation; (4) Breach of Implied Warranty; and (5) Vicarious Liability.  (Id.)  The central allegation of the lawsuit is that Kosinski suffered injuries when a relief valve on a Dolium 20 liter One Way Keg failed, causing the keg to explode. (Id. ¶ 1.)

On August 14, 2023, Northwest Pioneer removed the action to federal court under 28 U.S.C. § 1332(a), diversity jurisdiction.  (Dkt. No. 1.)  Northwest Pioneer asserted that there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.  (Id. ¶ 18.)

In response, Kosinski filed this motion to remand the case back to Superior Court, arguing Northwest Pioneer's removal was untimely.  (Mot. 4–5.)  Northwest Pioneer disagrees and argues that Kosinski's failed to object to the timeliness of the removal within 30 days of filing and, therefore, the Court may not remand on that basis.[1]  (Opp'n

---

[1] Northwest Pioneer also asserts that Kosinski waived his right to remand through "his knowing submission to and acceptance of the benefits of the jurisdiction of this Court." (Opp'n 5.)  Because the Court resolves the motion on the timeliness issue, it will not address this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01506-JVS(JDEx) | Date | October 17, 2023 |
| Title | Corbin Kosinski v. Dolium et al | | |

3.)

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l. Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

Generally, a defendant must remove an eligible civil action within 30 days of receiving service of the complaint. 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). "The [thirty-day] statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." Friedenberg v. Lane Cnty., 68 F.4th 1113, 1121 (9th Cir. 2023) (quoting Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014)). Thus, "[a]lthough the time limit [to remove a case] is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect . . . by sitting on his rights." Id.

## III. Discussion

### A. Timeliness of Removal

Both parities argue that time is on their side. Kosinski asserts that Northwest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01506-JVS(JDEx) | Date | October 17, 2023 |
| Title | Corbin Kosinski v. Dolium et al | | |

Pioneer's notice of removal was improper because it fails to meet the requirements of both 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1). (Mot. 4–5.) While Northwest Pioneer contends that Kosinski failed to file his motion to remand within the time allotted by 28 U.S.C. § 1447(c) and, therefore, it should be denied. (Opp'n 3.) Although Kosinski's statutory argument is facially correct, his failure to file a motion to remand in a timely manner dooms his argument. See Friedenberg, 68 F.4th at 1121.

Section 1446(b)(1) states "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Section 1446(b)(3) dictates that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is . . . removable. Section 1446(c)(1) provides an exception to this rule, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action."

Kosinski asserts that service of the initial complaint was complete on Northwest Pioneer on July 10, 2022. (Mot. 5.) Therefore, Northwest Pioneer's initial 30-day deadline to remove the case passed on August 9, 2022. (Id.) Furthermore, its one-year extension under § 1446(c)(1) expired before it filed its notice of removal on August 14, 2023. (Id.) Northwest Pioneer does not dispute the statutory requirements nor that its notice of removal was outside the time limit; instead, it argues that the "time limits for removal specified in 28 U.S.C. § 1446(b) are *procedural* rather than jurisdictional." (Opp'n 4) (emphasis in original) (citing Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980)). "Therefore, even if a defendant fails to satisfy the time requirements of § 1446(b), the district court may not remand on that basis unless the plaintiff files a timely [m]otion to remand." (Id., citing Smith, 761 F.3d at 1045.)

According to the Ninth Circuit, "[i]f a plaintiff objects to removal for a defendant's failure to meet the removal deadline, [it] must do so in a timely motion to remand." Friedenberg, 68 F.4th at 1121 (citing § 1447(c)). Because the time limits for removal petitions are "merely a formal and modal requirement and [] not jurisdictional," a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01506-JVS(JDEx) | Date | October 17, 2023 |
| Title | Corbin Kosinski v. Dolium et al | | |

plaintiff "may waive the defect" in the notice of removal "by sitting on his rights."[2] Smith, 761 F.3d at 1045. That is what Kosinski did here.

Northwest Pioneer filed its notice of removal on August 14, 2023. (Dkt. No. 1.) Although Northwest Pioneer asserts that removal was timely under § 1446(b)(3) in its notice of removal, (Dkt. No. 1), it does not raise this argument in its opposition to this motion. Whether timely or not, under the Ninth Circuit's precedent, the notice of removal is "merely a formal and modal requirement and [] not jurisdictional." Smith, 761 F.3d at 1045. Therefore, it is the timeliness of Kosinski's motion to remand that is dispositive. Friedenberg, 68 F.4th at 1122.

Kosinski filed his motion to remand, which included an objection to the timeliness of Northwest Pioneer's removal, on September 18, 2023, thirty-five days after the notice of the removal. (Dkt. No. 11.) Thus, the motion to remand was untimely under § 1447(c)'s 30-day requirement. See 28 U.S.C. § 1447(c). Accordingly, because Kosinski failed to comply with the statutory requirements for objecting to a procedural defect in Northwest Pioneer's notice of removal, Kosinski's timeliness arguments are waived. See Friedenberg, 68 F.4th at 1122. And his motion to remand must be denied. See id.; Smith, 761 F.3d at 1045.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to remand.

The Court finds that oral argument would not be helpful in this matter and vacates the October 30, 2023, hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

---

[2]The Smith court held that § 1446(b)'s one-year limitation should be construed no differently from the 30-day requirement. 761 F.3d at 1045. Thus, it concluded the one-year time limitation for removal of diversity cases was also a "procedural, non jurisdictional requirement." Id.